IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA BURLEY, CHAIRPERSON<br><br>CALIFORNIA VALLEY MIWOK TRIBE,<br>formerly SHEEP RANCH OF ME-WUK<br>INDIANS OF CALIFORNIA<br><br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>SAN JOAQUIN COUNTY SHERIFF'S<br>OFFICE, SHERIFF'S CIVIL DIVISION,<br><br>INDYMAC, BANK, FSB<br><br>　　　　　Defendants. | 2:09-cv-1657 GEB KJM (PS)<br><br>ORDER[*] |

　　　　Plaintiff Silvia Burley, proceeding pro se, filed a request for a Temporary Restraining Order ("TRO") on June 16, 2009, in which she seeks to enjoin the San Joaquin County Sheriff's Office and Indymac Bank FSB from evicting the California Valley Miwok Tribe from the property located at 10601 Escondido Place, Stockton, California 95212.  The eviction is scheduled to occur on June 17, 2009.  Plaintiff Burley, however, is not an attorney and under L.R. 83-

---

[*]　　This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

183(a), "[a] corporation or other entity may appear only by an attorney."  Thus Plaintiff Burley cannot bring this action for the California Valley Miwok Tribe.  Further, a TRO requires a showing of "irreparable injury" and Plaintiff Burley has alleged no facts explaining why the eviction is occurring, when she first became aware the California Valley Miwok Tribe could be evicted, and why she did not seek relief earlier than on the eve of the eviction.  See L.R. 65-231(b) (indicating a court may "consider whether the applicant could have sought relief by motion . . . at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order.")  Therefore, her request for a TRO is denied.

Dated:  June 16, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge