IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILIVIA BURLEY, CHAIRPERSON, CALIFORNIA VALLEY MIWOK TRIBE, formerly the Sheep Ranch Rancheria of Me-Wuk Indians of California (a Federally Recognized Indian Tribe), | |
| Plaintiff, | No. 2:09-cv-01657 GEB KJN PS |
| v. | |
| SAN JOAQUIN COUNTY SHERIFF'S OFFICE, SHERIFF'S CIVIL DIVISION, INDYMAC BANK, FSB, | |
| Defendants. | ORDER |

Plaintiff, who is proceeding without counsel, filed this action on June 15, 2009, seeking declaratory relief and injunctive relief with the principal purpose of preventing defendants from evicting the California Valley Miwok Tribe (the "Tribe") from the property at issue in this case.[1] (See Dkt. No. 1.) She filed an application for a temporary restraining order seeking to prevent the impending eviction, which the court denied on the grounds that plaintiff,

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 15).

1

an individual and non-attorney, could not prosecute a lawsuit in federal court on behalf of the Tribe.  (See Dkt. Nos. 4, 5.)

In July 2009, defendants moved to dismiss this action, in part, on the grounds that plaintiff could not represent the Tribe in federal court.  (Dkt. No. 7.)  However, defendants subsequently withdrew their motion to dismiss so that the parties could attempt to resolve the matter "without further law and motion."  (Dkt. No. 12.)  Despite withdrawing their motion, however, defendants have not filed an answer in this case.

This matter lingered without activity until January 2010, when the court ordered plaintiff to file a status report addressing why the case should not be dismissed.  (Dkt. No. 13.)  Specifically, the court was concerned that this case should be dismissed because the threat of eviction was "no longer imminent in light of the long passage of time since plaintiff filed this action."  (Id.)

Plaintiff filed the required status report.  (Dkt. No. 14.)  Essentially, her report states that the reason for inactivity in this case is that: (1) the Tribe is waiting to take further action in this case until it has an opportunity and funds to retain counsel; and (2) the Tribe is awaiting decisions from the Ninth Circuit Court of Appeals and the California Court of Appeal that might result in the payment of funds to the Tribe.  In essence, plaintiff appears to be requesting that this court stay the matter before it until the appellate cases referenced in the status report are resolved.  Plaintiff also reports that the parties negotiated a thirty-day postponement of the entry of judgment, until February 15, 2010, with respect to the eviction.

The undersigned will set a status conference and order the filing of separate status reports.  Plaintiff's status report should address: (1) whether the Tribe has retained counsel to proceed in this action; (2) the status of the eviction proceedings as to the property at issue; (3) the status of the appeals referenced in her previously filed status report; and (4) why this case should not be dismissed for failure to prosecute the action.  See Fed. R. Civ. P. 41(b); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that

courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). Defendants' status report should address: (a) the status of the eviction proceedings as to the property at issue; (b) the reasons for their failure to file an answer or re-file their motion to dismiss; and (c) their position regarding what the court interprets as plaintiff's request for a stay of this action.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff and defendants shall appear at a status conference before the undersigned on June 24, 2010 at 10:00 a.m.

2. Plaintiff and defendant shall file their respective status reports on or before June 10, 2010.

IT IS SO ORDERED.

DATED: May 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3