1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SILVIA BURLEY, CHAIRPERSON,
     CALIFORNIA VALLEY MIWOK
11   TRIBE, formerly the Sheep Ranch
     Rancheria of Me-Wuk Indians of
12   California (a Federally Recognized
     Indian Tribe),
13
                 Plaintiff,            No. 2:09-cv-01657 GEB KJN PS
14
          v.
15
     SAN JOAQUIN COUNTY SHERIFF'S
16   OFFICE, SHERIFF'S CIVIL DIVISION,
     INDYMAC BANK, FSB,
17
                 Defendants.           FINDINGS AND RECOMMENDATION
18   _____/

19          Plaintiff, who is proceeding without counsel, filed this action on June 15, 2009,

20   with the principal purpose of preventing defendants from evicting the California Valley Miwok

21   Tribe (the "Tribe") from the property at issue in this case.  (Dkt. No. 1.)  This matter came before

22   the undersigned for a court-ordered status conference on June 24, 2010.  (Dkt. No. 19.)  As

23   detailed in a prior order, the undersigned ordered the status conference to address several

24   questions presented by the filings in this case, including: (1) whether this action was brought on

25   behalf of Silvia Burley, individually, or on behalf of the Tribe; (2) if the action was brought on

26   behalf of the Tribe, whether the Tribe had retained counsel in order to appear in federal court;

                                            1

1   and (3) whether the threatened eviction that forms the basis of plaintiff's lawsuit remains

2   imminent, an issue previously raised in another court order.  (Dkt. Nos. 13, 16.)

3          There has been some lingering confusion in this case as to whether Silvia Burley,

4   a non-attorney, is an individual plaintiff in this case or is only pursuing claims on behalf of the

5   Tribe as an authorized representative.  If Ms. Burley is only representing the Tribe in federal

6   court, concerns arise regarding the impermissible representation of an entity by a non-attorney.

7          Pursuant to this court's local rules, "[a] corporation or other entity may appear

8   only by an attorney."  Local Rule 183(a).  Case law is in accord.  It is well-settled that "[a]

9   corporation may appear in federal court only through licensed counsel."  United States v. High

10   Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); see also Rowland v. Cal.

11   Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (acknowledging that

12   courts have held that the rationale for the rule requiring that corporations appear in federal court

13   through an attorney "applies equally to all artificial entities"); D-Beam Ltd. P'ship v. Roller

14   Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that

15   [c]orporations and other unincorporated associations must appear in court through an attorney"

16   (citation and quotation marks omitted, modification in original).); Church of the New Testament

17   v. United States, 783 F.2d 771, 773-74 (9th Cir. 1986) (applying rule to unincorporated

18   associations, such as a church).  The rationale for this rule applies equally to an Indian tribe.  See

19   New Jersey Sand Hill Band of Lenape & Cherokee Indians v. California, No. C 09-03553 WHA,

20   2009 WL 3488683, at *1 (N.D. Cal. Oct. 26, 2009) (unpublished) (evaluating only the claims by

21   brought by an individual pro se plaintiff and not evaluating the tribe's claims, in accordance with

22   a court rule that precluded a pro se party from appearing on behalf of an entity).

23          At the status conference, Ms. Burley represented that: (1) the Tribe owns the

24   property that is at the heart of this dispute, which is consistent with the record in this case; (2) the

25   claims in this case are the solely the Tribe's claims; and (3) the Tribe authorized her to bring this

26   lawsuit on its behalf as its representative.  As a result of these representations and the record in

this case, the undersigned will recommend that this case be dismissed without prejudice because Ms. Burley, a non-attorney, cannot represent the Tribe in federal court.[1]

Moreover, this case should be dismissed for the reason that the eviction at the heart of this dispute is no longer imminent.  The court has previously expressed concerns that the relief sought through this lawsuit is to prohibit the Sheriff from effectuating an imminent eviction with respect to tribal land, but that it appears the eviction is no longer imminent.  (See Dkt. No. 13.)  At the June 24, 2010 status conference, Ms. Burley confirmed that the eviction is not imminent.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.     This case be dismissed without prejudice and that the Tribe be informed that if it wishes to re-file this action, it may only appear in federal court through an attorney.

2.     The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are

////

////

////

////

////

_____

[1] In June 2009, Ms. Burley filed an application for a temporary restraining order seeking to prevent the then-imminent eviction. (Dkt. No. 4.) The court denied that application because, in part, Ms. Burley was an individual and a non-attorney and, thus, could not prosecute a lawsuit in federal court on behalf of the Tribe.  (Dkt. Nos. 5.)

3

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 24, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE